**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HDMI LICENSING ADMINISTRATOR, INC., a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BBEN INTELLIGENT TECHNOLOGY INC., a Chinese company,<br><br>　　　　Defendant. | Case No.: 2:18-cv-041-APG-NJK<br><br>**TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER** |

Plaintiff, HDMI Licensing Administrator, Inc. ("HDMI LA"), has moved *ex parte* for a Temporary Restraining Order, Seizure Order, and a Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, and Local Rule 7-5. HDMI LA alleges that BBEN Intelligent Technology Inc. ("BBEN") has made, imported into the United States, sold, offered to sell, distributed, promoted, and/or advertised at the International Consumer Electronics ("CES") trade show in Las Vegas, Nevada, consumer electronic products bearing HDMI LA's registered federal trademarks ("HDMI Trademarks"). The Court, having duly considered HDMI LA's Complaint, Emergency Motion for *Ex Parte* Temporary Restraining Order, Seizure Order, and Preliminary Injunction, and the declaration and exhibits submitted therewith, hereby makes the following findings and conclusions:

　　1.　　HDMI LA is likely to succeed on the merits of its trademark infringement and trademark counterfeiting claims. HDMI LA is likely to succeed in showing that the HDMI Trademarks are owned by HDMI LA, are valid and enforceable, and that BBEN has imported into the United States, sold, offered to sell, distributed, promoted, and/or advertised products bearing the HDMI Trademarks.

　　2.　　It appears to the Court that BBEN is a China-based manufacturer of

consumer electronic products that, with the exception of its temporary presence in Las Vegas during the CES show, does not have a regular place of business or assets in the United States. Further, HDMI LA has notified BBEN of the potential for this action in written communications prior to the beginning of CES in the event BBEN imported, displayed, advertised, or offered to sell products bearing HDMI Trademarks at CES without permission or authorization from HDMI LA.

3. Absent an *ex parte* temporary restraining order and seizure order, BBEN's importation, sale, and/or offers to sell its products will result in immediate and irreparable injury to HDMI LA in the form of loss of control over its valuable intellectual property rights, loss of consumer goodwill, and interference with HDMI LA's ability to exploit the HDMI Trademarks. Further, because BBEN has no presence in the United States, it may be difficult or impossible for HDMI LA to recover a money judgment against BBEN.

4. The harm to HDMI LA in denying the requested temporary restraining order and seizure order outweighs the harm to the legitimate interests of BBEN from granting such relief.

5. The public interest weighs in favor of granting HDMI LA the requested temporary restraining order and seizure order.

6. BBEN's infringing products and materials evidencing BBEN's infringements alleged in the Complaint are in BBEN's possession at the CES show currently taking place in Las Vegas, Nevada, but these materials would likely be destroyed, moved, hidden, or otherwise made inaccessible to the Court if HDMI LA were to proceed on notice to BBEN.

## **TEMPORARY RESTRAINING ORDER**

IT IS THEREFORE ORDERED that, pending a decision by the Court on HDMI LA's application for a preliminary injunction, BBEN and its officers, agents, servants, employees, and attorneys; and all other persons acting in active concert or participation with any of them, are hereby immediately, temporarily restrained from infringing the

HDMI Trademarks at the CES show in Las Vegas, Nevada, from January 9-12, 2018. Specifically, BBEN is hereby temporarily restrained from promoting, selling or offering to sell any products that bear the HDMI Trademarks, either on its packaging or displayed during the product's use, such as on a computer screen. In addition, BBEN is hereby temporarily restrained from transferring, moving, returning, destroying, or otherwise disposing of any infringing products or evidence of infringement except pursuant to the below Seizure Order.

## **SEIZURE ORDER**

IT IS FURTHER ORDERED that any evidence of BBEN's infringing conduct, including (a) any products bearing the HDMI Trademarks, either on the product, its packaging, or during the product's use, (b) any materials or advertisements promoting the sale of products using the HDMI Trademarks, such as promotional displays or brochures, (c) any products advertised through use of or association with the HDMI Trademarks, and (d) any records showing BBEN's sales and offers to sell any of the foregoing products (collectively, "Materials") shall be seized by the United States Marshal or the Sheriff or any Constable of the County of Clark, Nevada, assisted by one or more attorneys for or representatives of HDMI LA, at the booth rented or occupied by BBEN at the CES trade show in Las Vegas, Nevada, during the period of January 9 to 12, 2018. If HDMI LA identifies more infringing products, they can petition the Court to amend this Order.

The United States Marshal or the Sheriff or any Constable of the County of Clark, Nevada may use all reasonable force in conducting the seizure, including turning on any electronic devices to determine if the device uses or displays the HDMI Trademarks and opening any doors, locks, boxes, brief cases, or containers of any type or nature to locate and identify Materials to be seized. Attorneys and other representatives of HDMI LA shall accompany the United States Marshal or the Sheriff or any Constable of the County of Clark, Nevada during the seizure to identify the Materials to be seized. HDMI LA's counsel shall itemize and take possession of the seized Materials, provide a copy of the inventory to the United States Marshal or the Sheriff or any Constable of the County of

Clark, Nevada, and file the inventory with the Court. In addition, HDMI LA's counsel may record the contents of BBEN's booth and Materials by photographic and/or videographic means during the seizure action. The United States Marshal or the Sheriff or any Constable of the County of Clark, Nevada shall not retain custody of seized Materials. HDMI LA agrees to indemnify the United States Marshal or the Sheriff or any Constable of the County of Clark, Nevada and hold it harmless from any suit, claim, cause of action, damage, loss, or injury arising from the execution of the seizure described in this Order.

IT IS FURTHER ORDERED that this Order and the Summons and Complaint must be served upon BBEN, if found, at the time of the seizure, and by other means reasonably calculated to give BBEN notice of this action.

IT IS FURTHER ORDERED that, HDMI shall deposit $__10,000__ with the Clerk of the Court as security for this order. To the extent BBEN believes that additional security is necessary pursuant to Rule 65(c), Fed. R. Civ. P., BBEN shall file an application to the Court and provide notice to counsel for HDMI LA.

IT IS FURTHER ORDERED that a preliminary injunction hearing is set for __Wednesday, January 17__, 2018, at __2:30 p.m.__ a.m./p.m., in Courtroom __6C__, before __Judge Andrew P. Gordon__.

BBEN shall file and serve any opposition to HDMI LA's motion for a preliminary injunction on or before January __16__, 2018.

HDMI LA shall file and serve any reply in support of their motion for a preliminary injunction on or before _____, 2018.

**SIGNED AND ENTERED** this __9th__ day of January, 2018 at 2:00 p.m.

_____
**UNITED STATES DISTRICT JUDGE**

4